

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**L. Danielle Toaltoan**
(212) 603-6463 tel
(212) 489-8340 fax

danielletoaltoan@dwt.com

November 8, 2021

**VIA ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *1-800 Contacts, Inc. v. JAND, Inc. d/b/a Warby Parker*, Case No. 21-CV-06966 (PKC)(SLC)

Dear Judge Castel:

    We represent Defendant JAND, Inc. d/b/a Warby Parker ("Warby Parker") and write briefly to reply to three points raised in 1-800 Contacts, Inc.'s ("Plaintiff") opposition to Warby Parker's request to file its motion pursuant to Rule 12(c), or in the alternative Rule 56, of the Federal Rules of Civil Procedure.

    <u>First</u>, Plaintiff mistakenly claims that the purchase of a competitor's trademarks for keyword advertising may create liability for trademark infringement. ECF No. 27 at 3. In a case that Plaintiff cites extensively, however, this Court found that "[u]nder the Lanham Act,' [v]irtually no court has held that, on its own, a defendant's purchase of a plaintiff's mark as a keyword term is sufficient for liability.'" *Kid Car NY, LLC v. Kidmoto Techs. LLC*, 518 F. Supp. 3d 740, 759 (S.D.N.Y. 2021) (Castel) (internal citations omitted); *see also Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 130 (2d Cir. 2009) ("Needless to say, a defendant must do more than use another's mark in commerce to violate the Lanham Act. The gist of a Lanham Act violation is an unauthorized use, which 'is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, ... or as to the origin, sponsorship, or approval of ... goods [or] services.'") (internal citations omitted). The large body of case law makes clear that a plaintiff must allege purchase of the keywords plus *more* sufficient to allege likelihood of confusion. For the reasons discussed in Warby Parker's prior letter, ECF No. 25, Plaintiff has failed to plausibly allege likelihood of confusion. When assessing similar facts, this Court has dismissed plaintiff's claims. *See Allied Interstate LLC v. Kimmel & Silverman P.C.*, No. 12 Civ. 4204 (LTS)(SN), 2013 WL 4245987 (S.D.N.Y. Aug. 12, 2013).

    <u>Second,</u> Plaintiff reflexively claims that Warby Parker's motion would be inappropriate because likelihood of confusion is a "'fact intensive' inquiry that cannot be decided on the

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. P. Kevin Castel
November 7, 2021
Page 2

pleadings." ECF No. 27 at 1. This argument ignores the fact that the parties' pleadings have created a clear and extensive factual record that permits the Court to assess the sufficiency of its claims. In fact, in the *Kid Car* case, the Court specifically noted that the pleadings did not provide "the context in which the alleged infringement occurred such as screenshots of Kid Car's advertisements, the full text of the advertisements, its placement with respect to surrounding advertisements and how Google or other search engines designate Kid Car's post as an advertisement." *Kid Car NY, LLC*, 518 F. Supp. 3d at 760. The facts missing on the record in *Kid Car* are already part of the record here, and Plaintiff does not dispute those facts.[1] Tellingly, Plaintiff fails to specify what additional discovery this Court would need to decide the case.

      Third, Plaintiff errs in cloaking its likelihood of confusion argument in the language of trade dress infringement when it knows that it cannot (and will not) allege that the website has non-functional, distinctive design elements that have acquired secondary meaning. Without alleging the elements of trade dress, Plaintiff fails to plead that Warby Parker has infringed its website in a manner that would cause customer confusion. *Compare with LBF Travel, Inc. v. Fareportal, Inc.*, No. 13-Civ-9143 (LAK)(GWG), 2014 WL 671853 (S.D.N.Y. Nov. 5, 2014) (plaintiff alleged trade dress infringement when it also alleged that defendant mimicked its website in connection with keyword advertising). Plaintiff cannot have it both ways: plead that consumers will be confused because Warby Parker has imitated Plaintiff's website but not actually allege that the website has any trade dress which consumers have come to associate with the brand. Given that Plaintiff does not intend to amend its Complaint to allege trade dress, Warby Parker should be permitted to fully brief this issue in connection with its motion for judgment on the pleadings.

      We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ L. Danielle Toaltoan*
L. Danielle Toaltoan

Davis Wright Tremaine LLP

*Counsel for Defendant JAND, Inc. d/b/a Warby Parker*

---

[1] Plaintiff also ignores the fact that Warby Parker has requested, in the alternative, leave to file a summary judgment motion, which would also permit the Court to assess the undisputed facts. ECF No. 25 at 1.

Hon. P. Kevin Castel
November 7, 2021
Page 3


cc (via ECF):  Stephen Robert Fishbein
              Thomas Agnello
              Steven J. Joffee